UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK H. PERRY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>NELSON B. ALVES, )<br>)<br>Respondent. )<br>) | No. 1:23-cv-13028-JEK |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

**KOBICK, J.**

In December 2023, petitioner Frederick Perry, who is proceeding *pro se*, filed this habeas petition challenging his March 1997 state court convictions for first-degree murder and kidnapping. Perry previously filed federal habeas petitions in 2004 and 2015. Respondent Nelson Alves, the Superintendent of the MCI-Norfolk, has moved to dismiss Perry's habeas petition on the grounds that it is a "second or successive" petition that has not been authorized by the First Circuit pursuant to 28 U.S.C. § 2244(b) or, alternatively, that it is time-barred under 28 U.S.C. § 2244(d)(1). Because this matter involves a successive petition under section 2244(b), it will be transferred to the First Circuit.

**BACKGROUND**

The following facts are drawn from official public records, including prior state and federal court adjudications. *See Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 34 n.1 (1st Cir. 2020).

I.     **Prior Litigation**

In March 1997, Perry was convicted by a Franklin County jury of first-degree murder, based on a theory of extreme atrocity or cruelty, and of kidnapping. ECF 11-1, at 2. He was sentenced to a mandatory term of life in prison on the murder conviction and fifteen to twenty years for the kidnapping conviction, to run concurrently with the murder sentence. *Id.* The Massachusetts Supreme Judicial Court affirmed Perry's convictions, rejecting his challenges to the sufficiency of the evidence, several of the trial court's evidentiary rulings, and his claims of Fifth, Sixth, and Fourteenth Amendment violations. *See Commonwealth v. Perry*, 432 Mass. 214 (2000). In November 2001, the Franklin Superior Court denied Perry's December 2000 motion for a new trial, which raised, among other claims, ineffective assistance of trial and appellate counsel. ECF 11-1, at 2; ECF 11-3, at 1, 16 n.9 (ECF 27, Mem. of Decision & Order, *Perry v. Spencer*, No. 04-cv-12529-RWZ (D. Mass. Oct. 12, 2006)). In October 2004, a Single Justice of the Supreme Judicial Court denied Perry's subsequent application from February 2002 seeking leave to appeal the court's denial of his motion for a new trial. ECF 11-2, at 1; ECF 11-3, at 1-2.

In 2004, following those state court proceedings, Perry filed a petition in this Court under 28 U.S.C. § 2254 for a writ of habeas corpus regarding his March 1997 convictions. ECF 11-3, at 2. He "raise[d] all of the issues asserted in his direct appeal, as well as the new issues raised in his motion for a new trial and included in his subsequent application for leave to appeal the denial of a new trial." *Id.* at 2. Those new issues included, as relevant here, claims of ineffective assistance of trial and appellate counsel. *Id.* at 16 n.9. In October 2006, the Court (Zobel, J.) denied Perry's petition on the merits and dismissed the case. *Id.* at 5-22; ECF 11-4.

Perry filed another section 2254 habeas petition in February 2015 and a separate motion to stay in April 2015. ECF 1 & 19, *Perry v. Medeiros*, No. 15-cv-10618-GAO (D. Mass.). In May

2015, the Court (O'Toole, J.) construed Perry's motion to stay as an application to file a second or successive habeas petition, denied the motion without prejudice, and transferred that motion to the First Circuit. ECF 22, *Perry v. Medeiros*, No. 15-cv-10618-GAO (D. Mass. May 26, 2015). In July 2015, the First Circuit denied Perry's application for leave to file a second or successive habeas petition, and this Court thereafter dismissed the case. ECF 25-27, *Perry v. Medeiros*, No. 15-cv-10618-GAO (D. Mass.).

**II.     This Action**

In December 2023, Perry filed this section 2254 petition, again challenging his March 1997 convictions. ECF 1. His petition claims that (1) the state court's failure to permit him to attend the pretrial conference was "a structural defect in the trial process," (2) the court's jury instructions on reasonable doubt were erroneous, (3) the closure of the courtroom violated the Sixth Amendment, and (4) he was denied the effective assistance of counsel. *Id.* at 1-2.

Alves moved to dismiss Perry's petition, arguing that it is a second or successive petition not authorized by the First Circuit under 28 U.S.C. § 2244(b) and, in the alternative, that it is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). ECF 11-12. Perry has not received permission from the First Circuit to file his third habeas petition.

**DISCUSSION**

The "gatekeeping provision" of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), "sets stringent limits on second or successive habeas applications." *Banister v. Davis*, 590 U.S. 504, 507 (2020). Under AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction," but "the road gets rockier" after that. *Banister*, 590 U.S. at 509. In particular, before a second or successive habeas petition may be filed in federal district court, "the applicant [must] move in the appropriate court

of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The petitioner must, in other words, "obtain leave from the court of appeals before filing a second habeas petition in the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996). "When faced with a second or successive [habeas] petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Bucci v. United States*, 809 F.3d 23, 26 (1st Cir. 2015). This is because "AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997).

Perry's habeas petition here is his third and is thus a "successive" section 2254 petition under 28 U.S.C. § 2244(b)(3)(A). In October 2006, this Court denied Perry's first habeas petition on the merits and dismissed the action. ECF 11-3 & 11-4. In May 2015, the Court transferred Perry's second habeas petition to the First Circuit, which had not authorized that second petition. ECF 22, *Perry v. Medeiros*, No. 15-cv-10618-GAO (D. Mass. May 26, 2015). After the First Circuit denied Perry's application for leave to file a second or successive habeas petition, the Court dismissed Perry's action. ECF 26-27, *Perry v. Medeiros*, No. 15-cv-10618-GAO (D. Mass. Sept. 28, 2015). Finally, in December 2023, Perry initiated this case and submitted his third habeas petition challenging the March 1997 convictions. Since Perry's "earlier petition was adjudicated by the district court on the merits, [his] later-in-time petition will be deemed 'second or successive.'" *Salim v. Kennedy*, No. 20-cv-11539-PBS, 2021 WL 11505342, at *10 (D. Mass. Aug. 16, 2021), *report and recommendation adopted* (Sept. 10, 2021), *subsequently aff'd*, No. 21-

1799, 2023 WL 7287947 (1st Cir. Mar. 28, 2023) (citing *Gautier v. Wall*, 620 F.3d 58, 60 (1st Cir. 2010)).

Perry has not sought or obtained authorization from the First Circuit to file this petition. *See* 1st Cir. L.R. 22.1(a) ("Any petitioner seeking to file a second or successive petition for relief pursuant to 28 U.S.C. §§ 2254 or 2255 must first file a motion with this court for authorization."). Because his petition is an unauthorized successive habeas petition, the Court lacks jurisdiction and thus has "only two choices: either dismiss the . . . petition or transfer it to" the First Circuit. *Trenkler v. United States*, 536 F.3d 85, 96, 98 (1st Cir. 2008). Perry requests that this matter be transferred and indicates that he has prepared an application for leave to file his petition in the First Circuit. Alves does not object to this course of action, and the Court will adopt it, mindful that the first three claims asserted in Perry's current petition appear to raise new issues. *See Eccleston v. Spaulding*, 546 F. Supp. 3d 82, 88 (D. Mass. 2021) ("In determining whether to transfer or dismiss the petition, the Court should consider whether the transferee court has already addressed the allegations raised in the current petition.").

Accordingly, "'faced with an unapproved second or successive habeas petition,'" the Court will transfer Perry's successive habeas petition—over which it has no jurisdiction—to the First Circuit. *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999) (quoting *Pratt*, 129 F.3d at 57).[1]

---

[1] Having so concluded, the Court need not address Alves's alternative argument that Perry's petition is barred by the statute of limitations under 28 U.S.C. § 2244(d). *See* ECF 12, at 7-11.

## CONCLUSION AND ORDER

For the foregoing reasons, Perry's successive habeas petition is TRANSFERRED to the First Circuit pursuant to 28 U.S.C. § 1631 and First Circuit Local Rule 22.1(e).

SO ORDERED.

Dated: July 9, 2024

/s/ Julia E. Kobick
Julia E. Kobick
United States District Judge